**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Kelly RAYFORD, Defendant—**
**Appellant.**

**No. 05–10619.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

William R. Reed, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Rene L. Valladares, AFPD, FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Kelly Rayford appeals from the district court's order denying his motion to suppress evidence in connection to his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *United States v. Chavez–Valenzuela*, 268 F.3d 719, 723 (9th Cir. 2001), and we affirm.

Rayford contends that the district court erred in denying his motion to suppress

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

evidence because the arresting officer lacked reasonable suspicion to inquire as to whether Rayford was in possession of firearms or drugs. We disagree.

The arresting officer reasonably relied on numerous factors, including the nature of the traffic violation; that Rayford was a felon; that the neighborhood was known to be a high crime neighborhood area; the nervous demeanor of Rayford and the vehicle's driver; and that Rayford continually grabbed at his waistband. Under these circumstances, the officer's questioning Rayford about drugs and weapons was justified by reasonable suspicion based on particularized, objective facts. *See United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir.2001) (noting that courts "consider the totality of the circumstances to determine whether reasonable suspicion exists"). Because an officer making a traffic stop may broaden his line of questioning beyond matters relating to the traffic stop if he notes particularized and objective factors giving rise to a suspicion of other crime, *see United States v. Perez*, 37 F.3d 510, 513 (9th Cir.1994), the officer's questioning did not violate Rayford's Fourth Amendment rights.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.